UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FELICITA EL HASSAN,

    Plaintiff,

vs.                                            Civil Action File No._____

LIBERTY HOME EQUITY SOLUTIONS,
INC. and ROBERTSON, ANSCHUTZ &
SCHNEID, P.L.,

    Defendants.
_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Liberty Home Equity Solutions, Inc. (hereinafter "Liberty") hereby removes this civil action to the United States District Court for the Southern District of Florida, Miami Division.  In support of removal, Liberty states as follows:

### The Circuit Court Action

1.    On May 11, 2017, Plaintiff Felicita El Hassan ("Plaintiff") filed a "Complaint and Demand for Jury Trial" against Liberty and Robertson, Anschutz & Schneid, P.L. (hereinafter "RAS") in the Eleventh Judicial Circuit Court for Miami-Dade County, in an action styled *Felicita El Hassan vs. Liberty Home Equity Solutions, Inc. and Robertson, Anschutz & Schneid, P.L.,* Civil Action Number 2017-CA-011397 (the "Circuit Court Action").  In the Complaint, Plaintiff alleges claims for purported violations of the Fair Debt Collection Practices Act ("FDCPA"), the Real Estate Settlement Procedures Act ("RESPA"), Florida's Consumer Collection Practices Act, intentional infliction of emotional distress, and malicious prosecution. (*See* Compl. at Ex. A.)

**Procedural Requirements**

2.      This removal is timely under 28 U.S.C. § 1446(b) because it has been commenced within thirty (30) days after Liberty was served with the Complaint.

3.      For removal purposes, venue is proper in this Court pursuant to 28 U.S.C. §1441(a) because the United States District Court for the Southern District of Florida, Miami Division, is the federal judicial district and division embracing the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, where the lawsuit was originally filed.

4.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served on Liberty in the Circuit Court Action are attached hereto as Exhibit A.

5.      A true and correct copy of all process, pleadings, and orders on file with the Eleventh Judicial Circuit Court for Miami-Dade County in the Circuit Court Action are also attached hereto as Exhibit B.

6.      Additionally, in compliance with 28 U.S.C. § 1446(d) and FED. R. CIV. P. 81(c), Liberty is filing a copy of this Notice of Removal with the Clerk of the Eleventh Judicial Circuit Court for Miami-Dade County.

7.      Co-Defendant RAS has consented to removal through its attorneys, Jarrett Cooper and David Rosenberg.

**FEDERAL QUESTION JURISDICTION - 28 U.S.C. § 1331**

8.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged claims that arise under federal law.  The Supreme Court has held that federal courts have jurisdiction to hear, originally or by removal from state court, cases where federal law creates the cause of action being alleged or when a claimant's right to relief depends on the

2

resolution of a substantial question of federal law.  *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 9 (1983) (explaining that "a case '[arises] under' federal law where the vindication of a right under state law necessarily turns on some construction of federal law").

9. In the Complaint, Plaintiff alleges that Liberty and Co-Defendant RAS violated RESPA and the FDCPA.  (*See* Compl. at Ex. A, ¶¶ 45-121.)

10. As such, the resolution of this matter turns upon a federal question, and this Court has jurisdiction over this case.  *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (noting the removing defendant satisfies its burden when it "makes specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations").

11. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1367(a) and 1441(a).  Where the federal courts have original jurisdiction over any claim in a civil action based on a federal question, additional state law claims asserted in the action may also be removed as supplemental claims if said claims arise out of the same "case or controversy" as those claims governed by laws of the United States.  *Hudson v. Delta Air Lines,* 90 F.3d 451, 455 (11th Cir. 1996).  Here, Plaintiff's state and federal law claims all arise out of the actions of Defendants while pursuing foreclosure of Plaintiff's real property.

**Additional Requirements for Removal**

12. Liberty will promptly file a copy of this Notice of Removal with the Clerk of the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida where the action is

currently pending, and will provide all parties with written notice of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d).

13.  All fees required by law in connection with this Notice of Removal have been paid by Liberty.

14.  All other requirements for removal and for federal court jurisdiction have been satisfied.

15.  By filing this Notice of Removal and the associated attachments, Liberty does not waive any objections it may have as to service, jurisdiction or venue, or any other claims, defenses or objections that are or may be available to them in this action.  Furthermore, Liberty intends no admission of fact, law or liability by this Notice, and it expressly reserves all defenses, motions, and/or pleas.

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and in conformance with the requirements set forth in 28 U.S.C. § 1446, Liberty hereby removes this action from the Eleventh Judicial Circuit Court for Miami-Dade County, to the United States District Court for the Southern District of Florida, Miami Division, and prays that all further proceedings in the Circuit Court Action be stayed, and that Liberty receive all such additional and further relief to which it is entitled.

Dated: June 29, 2017

**LOCKE LORD LLP**

*/s/ Elizabeth J. Campbell*
Elizabeth J. Campbell
Florida Bar No. 0027916
Trial Counsel
*Email: ecampbell@lockelord.com*
525 Okeechobee Blvd, Suite 1600
West Palm Beach, FL 33401
Phone (404) 870-4679
Fax (404) 806-5679

*Attorneys for Liberty Home Equity Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2017, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system. I further certify that a copy of this Notice of Removal was filed with the Eleventh Judicial Circuit Court for Miami-Dade County, and served on the parties below via email:

Ricardo Corona, Esq.
*Ricky@coronapa.com*
CORONA LAW FIRM, P.A.
3899 NW 7th Street, Second Floor
Miami, FL 33126

*Attorneys for Plaintiff Felicita El Hassan*

Dennis A. Donet, Esq.
*dennis.donet@donetlaw.com*
*info@donetlaw.com*
LAW OFFICE OF DENNIS A. DONET, P.A.
One Datran Center
9100 S. Dadeland Boulevard, Suite 906
Miami, FL 33156

*Attorneys for Plaintiff Felicita El Hassan*

David Rosenberg, Esq.
*drosenberg@rasflaw.com*
Jarrett Cooper, Esq.
*jcooper@rasflaw.com*
*mail@rasflaw.com*
ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
6409 Congress Ave., Ste. 100
Boca Raton, FL 33487

*Attorneys for Co-Defendant Robertson, Anschutz & Schneid, P.L.*

    */s/ Elizabeth J. Campbell*
    Elizabeth J. Campbell
    Florida Bar No. 0027916

*One of the Attorneys for Liberty Home Equity Solutions, Inc.*

ATL:0106421/00101:554112v1