UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 17-CIV-22435-MARTINEZ-OTAZO-REYES

FELICITA EL HASSAN,

    Plaintiff,

vs.

LIBERTY HOME EQUITY SOLUTIONS,
INC. and ROBERTSON, ANSCHUTZ &
SCHNEID, P.L.,

    Defendants.
_____/

**DEFENDANT LIBERTY HOME EQUITY SOLUTIONS, INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Liberty Home Equity Solutions, Inc. ("Liberty"), hereby moves to dismiss the Complaint filed by Plaintiff Felicita El Hassan and all claims against it therein. In support of its Motion, Liberty states as follows:

**INTRODUCTION**

Plaintiff filed this action against Defendants Liberty and foreclosure counsel, Robertson, Anschutz & Schneid, P.L. ("RAS"), alleging a myriad of claims, all of which arise out of a separately filed judicial foreclosure action brought by RAS on behalf of Liberty in Miami-Dade Circuit Court. (Dkt. 1-1.) Specifically, Plaintiff contends Liberty violated the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. § 2605(k)(1)(C) and (E) by filing to respond to an alleged "Notice of Error" relating to the underlying foreclosure action (Counts II and III). Plaintiff further alleges Liberty violated the Florida Consumer Collection Practices Act ("FCCPA") by pursuing foreclosure against Plaintiff despite having been notified that the alleged

1

Default—which stems from Plaintiff's failure to submit the required HUD occupancy certificate—was baseless (Count VII).  Plaintiff also alleges claims for malicious prosecution and intentional distress against Liberty (Counts IV and V)[1] based on the same purported facts.

None of these claims have any merit; nor do they meet the plausibility standard required under Rule 12(b)(6).  Plaintiff plainly ignores Florida's litigation privilege, fails to plausibly state any RESPA claim against Liberty—who is not her loan servicer, and fails to allege conduct that rises to the level of extreme and outrageous conduct giving rise to any intentional distress claim as a matter of law. Additionally, Plaintiff's alleged claim for violation of the FCCPA fails, as the foreclosure activities identified do not constitute "debt collection" activities under the FCCPA, and she has failed to provide sufficient factual allegations in support of any other debt collection activities.  In sum, Plaintiff's allegations are legally and factually deficient, and she cannot demonstrate any plausible entitlement to relief. Accordingly, Liberty now seeks dismissal of this action in its entirety.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND[2]

On May 20, 2009 Plaintiff obtained a loan in the principal amount of $277,500 ("Loan") to finance the purchase of residential property located in Miami-Dade, Florida (the "Subject Property"). (Dkt. 1-1, pp. 4-5, ¶¶ 12-14.)  The Loan was secured by a Mortgage on the Subject Property which was recorded on June 1, 2009 in Official Record Book 26885 at Page 1298 of the Public Records of Miami-Dade County, Florida.  *Id.;* Dkt 1-1, pp. 47-73.)  Plaintiff's Mortgage expressly states:

---

[1] Plaintiff appears to have alleged 2 separate claims designated as Count V—one against Liberty for Malicious Prosecution and one against RAS for Intentional Infliction of Emotional Distress.

[2] Liberty does not concede the truthfulness of Plaintiff's factual allegations; rather, for the purposes of this Motion only, the well-pleaded factual allegations are presumed to be true.

> Lender may require immediate payment-in-full of all sums secured by this Security Instrument, upon approval of the Secretary, if . . . [t]he Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower . . . ."

(Dkt. 1-1, p. 54, ¶¶ 9(b).)

Pursuant to this provision and HUD requirements, Plaintiff regularly sent an annual certification to Plaintiff to confirm she occupied the Subject Property. (Dkt. 1-1, p. 93.) In 2016, Plaintiff did not provide the required HUD certification. (*Id*.) Subsequently, on May 11, 2016, Liberty engaged RAS, its foreclosure counsel, to foreclose on the Subject Property and filed an action styled: *Liberty Home Equity Solutions, Inc. v. Felicia El Hassan, et al.*, Case No. 2016-CA-8579, in the Eleventh Judicial Circuit for Miami-Dade County, Florida (the "Foreclosure Action"). (Dkt. 1-1, pp. 5, 41.) On May 17, 2016, Plaintiff filed a Motion to Dismiss the Foreclosure Action arguing, among other things, that Plaintiff had never "ceased living in the subject property" and that she "submitted proof of residence to" RAS. (Dkt. 1-1, p. 82, ¶ 2.) On August 25, 2016, RAS filed a Notice of Voluntary Dismissal on behalf of Liberty, acknowledging that Plaintiff's prior default had been cured. (Dkt. 1-1, p. 85.)

Following the voluntary dismissal, Plaintiff filed a Motion for Attorneys' Fees, which the Circuit Court granted on January 10, 2017. (Dkt. 1-1, pp. 91-95.) The exact amount of fees to which Plaintiff may be entitled has not yet been determined; therefore, the Foreclosure Action remains pending.

On March 24, 2017, while the Foreclosure Action was pending, Plaintiff alleges she sent a letter through her counsel, Richard Corona and Dennis Donet of Corona Law Firm P.A., to Liberty Home Equity Solutions c/o Reverse Mortgage Service Center, to the attention of its Billing Department ("March 24, 2017 Letter"). (Dkt. 1-1, p. 13, ¶ 59.) Plaintiff does not specify the address where she sent the letter, but Exhibit G to the Complaint identifies the address as:

3

14405 Walters Rd., Suite 200, Houston, TX 77014. (Dkt. 1-1, p. 96.) Plaintiff generally alleges this March 24, 2017 Letter is a "Qualified Written Request" containing a "Notice of Error" and "Request for Information." (*Id.*) She alleges Liberty did not respond to the March 24, 2017 Letter.

Despite the fact that the Foreclosure Action is still pending and the amount of fees to be awarded remains unresolved, Plaintiff brought the instant lawsuit, alleging that Liberty violated provisions of the Real Estate Settlement Procedures Act ("RESPA") (Counts II and III), intentionally inflicted emotional distress on Plaintiff (Count IV), maliciously prosecuted Plaintiff (Count V), and violated Florida's Consumer Collection Practices Act ("FCCPA") (Count VII). As shown below, Plaintiff's claims are all based on alleged conduct that occurred during the pendency of the Foreclosure Action and thus, they are barred by Florida's litigation privilege. However, even if the litigation privilege does not apply, Plaintiff's alleged claims are not plausible as a matter of law. Plaintiff's RESPA claims fail because Liberty is the mortgage-holder, and not her loan servicer, as is required to maintain a RESPA claim. The RESPA claims also fail because Plaintiff did not send the March 24 Letter the exclusive address designated by the servicer for receipt of QWR correspondence and because the damages alleged are wholly unrelated to the March 24, 2017 Letter itself. Plaintiff's alleged intentional distress claim is not supported by any allegations of conduct that rise to the level of extreme and outrageous conduct required to maintain such a claim as a matter of law. Plaintiff's FCCPA claim is not based on any debt collection activities, and no basis exists for any malicious prosecution claim other than the pursuit of the underlying Foreclosure Action.

Accordingly, for these reasons explained in detail below, Plaintiff's entire action against Liberty should be dismissed with prejudice.

4

## **LEGAL STANDARD**

The Supreme Court has explained that to survive a motion to dismiss, a pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)) (internal quotations omitted). In other words, the factual allegations must be sufficient to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. A pleading that merely offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*.

A motion to dismiss should be granted where, as here, no construction of the factual allegations of the complaint will support any plausible claims as a matter of law. *Bentley v. Bank of Am.*, 773 F. Supp. 2d 1367, 1370 (S.D. Fla. 2011) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist*., 992 F.2d 1171, 1174 (11th Cir. 1993)). Determining whether "a complaint states a plausible claim for relief…[is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Twombly*, 550 U.S. at 555. In an instance, where "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotations omitted). In this case, Plaintiff's allegations are insufficient to maintain any cause of action as a matter of law. *See Jackson v. BellSouth Telecomms*., 372 F.3d 1250, 1263 (11th Cir. 2004) (requiring plaintiffs to "allege some specific factual bases for those conclusions or face dismissal of their claims."). Accordingly, dismissal is appropriate.

## ARGUMENT AND CITATION TO AUTHORITY

I. **THE COMPLAINT FAILS TO STATE ANY PLAUSIBLE CLAIM FOR RELIEF.**

   A. **Plaintiff's claims are barred by Florida's litigation privilege.**

Florida law provides complete judicial immunity "to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding." *Perez v. Bureaus Inv. Grp. No. II, LLC,* No. 1:09-CV-20784, 2009 WL 1973476, at *3 (S.D. Fla. July 8, 2009). "In Florida, absolute immunity for litigation conduct is favored since trial and bankruptcy judges have the inherent power to sanction, and take other necessary steps, to 'enforce its orders, to conduct its business in a proper manner, and to protect the court from acts obstructing the administration of justice.'" *Lawrence v. Goldberg,* No. 06-21952-CIV, 2008 WL 10665426, at *12 (S.D. Fla. Feb. 12, 2008) (cits. omitted). As this Court and the Supreme Court of Florida have explained,

> [t]he litigation privilege applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin. 'Absolute immunity must be afforded to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding.

*Gaisser v. Portfolio Recovery Assocs., LLC*, 571 F. Supp. 2d 1273, 1279–80 (S.D. Fla. 2008) (citing *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole,* 950 So.2d 380, 384 (Fla. 2007)). Indeed, this Court has consistently applied Florida's litigation privilege to preclude plaintiffs from asserting any claims arising out of a defendant's "acts taken in connection with the foreclosure action."[3] *See e.g., Peterson v. JPMorgan Chase Bank, NA*, 219 F. Supp. 3d 1195,

---

[3] The privilege is an affirmative defense, but this Court and "the Florida courts have . . . made it abundantly clear that any affirmative defense, including the litigation privilege, may be considered in resolving a motion to dismiss when 'the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action.'" *Suchite v. Kleppin*, No. 10-21166-CIV, 2011 WL 1814665, at *3 (S.D. Fla. Apr. 29, 2011) (dismissing action as barred by the litigation privilege) (cits. omitted).

1197 (S.D. Fla. 2016) (dismissing complaint with prejudice because "the litigation privilege precludes Plaintiff from asserting any claim arising out of Defendants' acts taken in connection with the foreclosure action and bankruptcy action").

Here, Plaintiff alleges causes of action for intentional infliction of emotional distress, malicious prosecution, and violations of the FCCPA and RESPA statutes, but all of the alleged claims arise out of conduct or actions that occurred in the Foreclosure Action. (Dkt. 1-1, pp. 13-29, 30-34, ¶¶ 56-121, 122-128, 136-145, 149-156.) For example, in Count IV, Plaintiff asserts she has suffered "emotional distress" as a result of Liberty "pursuing foreclosure" of the Subject Property. (Dkt. 1-1, pp. 28-29, ¶¶ 122-128.) Similarly, Plaintiff's malicious prosecution (Count V) and FCCPA (Count VII) causes of action are based on allegations that Liberty caused the Foreclosure Action "to be filed," threatened "sanctions," and filed a "Voluntary Dismissal." (Dkt. 1-1, pp. 30-32, ¶¶ 136-145, pp. 33-34, ¶¶ 149-156.) And, although she initially frames her RESPA claims as arising out of the March 24, 2017 Letter, the only actual damages she alleges beyond postage costs are "emotional distress" resulting from the "*foreclosure and public sale*" and costs and fees "incurred *as a result of having to defend the foreclosure lawsuit.*"[4] (Dkt. 1-1, pp. 22, ¶¶ 100 (emphasis added).)

The Complaint plainly asserts that each allegedly wrongful act attributed to Liberty was taken during the course of the Foreclosure Action—a lawful judicial proceeding. Consequently, Florida's litigation privilege bars each of Plaintiff's claims. *Robb v. Rahi Real Estate Holdings LLC*, No. 10-81474-CIV, 2011 WL 2149941, at *3 (S.D. Fla. May 23, 2011) (dismissing intentional infliction of emotional distress claim, among others, as "barred by Florida's absolute

---

[4] Plaintiff also alleges damages in the form of "photocopying and postage costs incurred in mailing Plaintiff's Notice of Error and opportunities to cure." (Dkt. 1-1, p. 22, ¶ 100.) Such costs, however, are not recoverable under RESPA.

7

litigation privilege insofar as they are based on [] the Foreclosure Action); *Perez*, 2009 WL 1973476, at *3 (dismissing FCCPA claim because the "filing of the Collection Lawsuit clearly relates to a judicial proceeding, and is the sole basis of Plaintiff's FCCPA claim in the present suit"); *Gaisser*, 571 F. Supp. 2d at 1279–80 (dismissing FCCPA claim under Florida's litigation privilege because the "filing of the state suit clearly relates to a judicial proceeding and therefore cannot form the basis of Plaintiff's FCCPA claim"); *Lawrence v. Goldberg,* No. 06-21952-CIV, 2008 WL 10665425, at *13 (S.D. Fla. Feb. 1, 2008) (dismissing all state causes of action, including for malicious prosecution and intentional infliction of emotional distress); *Goldberg*, 2008 WL 10665426, at *9 (same).

### B.     Plaintiff fails to state a claim for RESPA violations.

Notwithstanding Litigation Privilege, Plaintiff's alleged claims still fail under Rule 12.

*(1)     Plaintiff Has No RESPA claim based on* Section 1024.41(g).

Although unclear, Plaintiff appears to predicate her first RESPA cause of action (Count II) on an assertion that her "Notice was only prepared and mailed after Liberty violated section 12 C.F.R. § 1024.38(b) of RESPA."  (Dkt. 1-1, pp. 14, 23 ¶¶ 64, 106.)  Section 1024.38(b) sets forth certain objectives that a servicer's policies and procedures should be reasonably designed to achieve.  12 C.F.R. § 102.38(b).  Similarly, she appears to predicate her second RESPA cause of action (Count III) on an assertion that she "seeks the remedies provided in RESPA for Defendant's failure to comply with Section 2605(k) of RESPA and Section 1024.41(g) of Regulation X."  (Dkt. 1-1, pp. 24 ¶ 108.)  Section 1024.41(g) prohibits a foreclosure sale if a Borrower submits a complete loss mitigation application after the foreclosure notice is issued,

8

but more than 37 days before the scheduled sale.  12 C.F.R. § 1024.41(g).[5]  Neither of these Sections apply in the instant case to give rise to any liability.

A close examination of Plaintiff's entire pleading shows she has not asserted any allegations concerning any policies of procedures at all.  (Dkt. 1-1.)  Nor are there any allegations related to any loss mitigation application, much less one that was complete and submitted within the required timeframe.  (*Id.*)  For these reasons alone, she has fails to state any claim for violation of these sections of RESPA.  Fed. R. Civ. P. 8, 12; *Twombly*, 550 U.S. at 555.  Equally important, "Borrowers have no private right of action under **§** 1024.38."  *Paz v. Seterus, Inc.*, No. CV 14-62513-CIV, 2016 WL 3948053, at *5 (S.D. Fla. Apr. 28, 2016).  As there are no allegations related to Liberty's policies and procedures or any modification, and there is not any private cause of action under Section 1024.38(b), Plaintiff cannot predicate any RESPA claim on these provisions as a matter of law.

    *(2)  Plaintiff Cannot Plausibly Allege Actual Damages.*

Damages are a necessary element of any claim for violation of Section 2605.  12 U.S.C. § 2605(f); *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1246 (11th Cir. 2016) ("We join our sister Circuits in recognizing that damages are an essential element in pleading a RESPA claim."). To recover, the plaintiff must present "specific evidence to establish a causal link between the financing institution's violation and their injuries." *McLean v. GMAC Mortg. Corp.*, 398 F. App'x 467, 471 (11th Cir. 2010).

---

[5] Plaintiff lists other provisions that have nothing to do with the instant action.  For example, Section 2605(k) of RESPA enumerates five distinct servicer requirements ranging from force-placed insurance to charging fees for responding to a qualified written request – neither of which are alleged here.  (Dkt. 1-1, p. 24, ¶ 108.)  These references confusing, vague, and ambiguous, such that Liberty cannot reasonably prepare a response – and they should be ignored and dismissed outright under Federal Rule of Procedure 8.

In both of her RESPA causes of action, Plaintiff contends that Liberty failed to provide a substantive response to the March 24, 2017 Letter. But she does not sufficiently allege any actual damages resulting from that purported failure. Instead, Plaintiff claims she incurred actual damages, in the form of "emotional distress, anxiety, stress, embarrassment and humiliation *directly resulting from her home being threatened with immediate foreclosure and public sale*," and "attorney's fees incurred *as a result of having to defend the foreclosure lawsuit*." (Dkt. 1-1, pp. 21-22, 26, ¶¶, 99-100, 119 (emphasis added).) Plaintiff unabashedly admits these purported damages "resulted from" Liberty's efforts to collect on Plaintiff's Loan and foreclose on the Subject Property – *not* Liberty's alleged failure to respond to the March 24, 2017 Letter. As such, her RESPA claim, which requires that damages flow from the failure to respond to a QWR, fails. *See Love v. Everbank,* No. 112CV03662CAPJCF, 2013 WL 12061844, at *6 (N.D. Ga. Oct. 9, 2013) *adopted at* 2013 WL 12063899 ("Plaintiff's allegations are insufficient to show that his damages were caused by Defendant's alleged failure to respond to his QWR request he purportedly sent Defendant in October 2012, only days before he filed this lawsuit, as opposed to its efforts to collect Plaintiff's loan payments and to foreclose on his home."); *Echeverria v. BAC Home Loans Serv., LP*, No. 6:10-cv-1933-Orl-28DAB, 2012 U.S. Dist. LEXIS 44487, at *7-8 (M.D. Fla. Mar. 30, 2012) (finding that plaintiff failed to "plead a causal link between" alleged damages, including "loss of credit, emotional harm, additional medical expenses, embarrassment and humiliation," and the defendant's violations of RESPA).

Confusingly, Plaintiff also asserts that she is entitled to the "preparation and photocopying costs and postage costs" incurred "in mailing Plaintiff's Notice of Error because the purported Notice of Error was "sent as a result of" the Defendants' alleged RESPA violations. (Dkt. 1-1, pp. 22, 26, ¶¶ 100, 119.) To the extent Plaintiff attempts to recover costs

10

in preparing and sending the March 24, 2017 Letter, she cannot. Plaintiff only alleges she sent one letter – on March 24, 2017 – containing both a QWR and NOE. (Dkt. 1-1, pp. 13, 23, 26 ¶¶ 59, 106, 119.) The "costs incurred while preparing a qualified written request for information from a servicer cannot serve as a basis for damages because, at the time those expenses are incurred, there has been no RESPA violation." *Miranda v. Ocwen Loan Servicing, LLC*, 148 F. Supp. 3d 1349, 1355 (S.D. Fla. 2015) (cits. omitted). Nor is a notice of error if it does not post-date any alleged RESPA violation. *C.f. Kilpatrick v. Ocwen Loan Servicing, LLC*, No. 16-80317-CIV, 2017 WL 564376, at *3 (S.D. Fla. Feb. 10, 2017) ("The postage costs relating to the NOE, though, could be the result of Defendant's alleged RESPA violation if they came about after, and as a result of, Defendant's alleged failure to respond to the RFI."). As Plaintiff has failed to plausibly allege any actual damages, her RESPA claim must be dismissed. *Bates v. JPMorgan Chase Bank, NA*, 768 F.3d 1126, 1135 (11th Cir. 2014) (affirming that plaintiff failed to state a claim under Section 2605 where she alleged no damages stemming from an inadequate response to a QWR).

### (3) *Plaintiff Did Not Plausibly Allege Statutory Damages.*

Likewise, Plaintiff has no claim for statutory damages. Under the plain language of Section 2605(f), a borrower cannot recover statutory damages in the absence of actual damages. Section 2605 is clear that a servicer's liability for statutory damages is contingent upon its liability for actual damages. The statute provides that a borrower may be entitled to recover "(A) any actual damages to the borrower as a result of the failure; and (B) any *additional* damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements

of this section, in an amount not to exceed $2,000." 12 U.S.C. § 2605(f)(1) (emphasis added).[6] As Plaintiff has failed to adequately plead any actual damages, she is not entitled to any statutory damages.

Even if the Court were to ignore this plain statutory language, it still cannot find that Plaintiff is entitled to statutory damages in this case. Plaintiff alleges only that there has been a "pattern or practice of noncompliance with Regulation X and RESPA." (Dkt. 1-1, pp. 22, 27, ¶¶ 101, 120.) This is not a factual allegation. It is a bare recitation of elements. And it is insufficient to state a claim for statutory damages under RESPA. *See Miranda*, 148 F. Supp. 3d at 1355–56 (dismissing RESPA claim for statutory damages because allegations "that the defendant refused to supply some requested information to unidentified nonparties . . . are too conclusory to state a claim based on a pattern or practice of RESPA noncompliance"); *Love*, 2013 WL 12061844, at *7 (dismissing RESPA claim for statutory damages based on bare allegations that the plaintiff engaged in "a pattern or practice of noncompliance with the requirements of [RESPA]"). In the end, Plaintiff's RESPA claim is barred by Florida's litigation

---

[6] To suggest that statutory damages are available to a plaintiff who cannot show actual injury resulting in damages is to improperly ignore the word "additional," which the statute's drafters included. "In construing a statutory provision, '[w]e do not start from the premise that [the statutory] language is imprecise.'" *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1316 (11th Cir. 2015) (quoting *U.S. v. LaBonte*, 520 U.S. 751, 757 (1997)). Instead, "we must, 'presume that Congress said what it meant and meant what it said." *Id.* at 1316 (quoting *United States v. Steel*, 147 F.3d 1316, 1318 (11th Cir. 1998)). Thus, a proper reading of the statute is that a borrower must show actual damages to state a claim. Then, a borrower *may also* be entitled to statutory damages upon a showing of a "pattern or practice of noncompliance." *See Renfroe,* 822 F.3d at 1247 n.4 (observing without ruling "that the use of 'additional' seems to indicate that a plaintiff cannot recover pattern-or-practice damages in the absence of actual damages"); *Ford v. New Century Mortg. Corp.*, 797 F. Supp. 2d 862, 870 (N.D. Ohio 2011) (finding no plausible claim under Section 2605 in the absence of a showing of actual damages because remedies for violations are conditioned upon actual damages to the borrower).

privilege, improperly predicated on RESPA provisions that have no private cause of action, and based on implausibly alleged damages. It must be dismissed.

### C. Plaintiff fails to state a claim for intentional infliction of emotional distress.

In Count IV, Plaintiff alleges that Liberty "caused severe emotional distress upon" Plaintiff in "pursuing foreclosure" of the Subject Property. (Dkt. 1-1, pp. 27-29, ¶¶ 123-128.) Such allegations do not give rise to any plausible claim. A claim for intentional infliction of emotional distress under Florida law has four elements: "(1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) the conduct caused the emotional distress; and (4) the distress was severe." *Robb*, 2011 WL 2149941, at *3 (citing *Liberty Mut. Ins. Co. v. Steadman*, 968 So.2d 592, 594 (Fla. 2d DCA 2007)). The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Id.* (cits. omitted). The "court must evaluate the conduct as objectively as is possible to determine whether it is atrocious, and utterly intolerable in a civilized community." *Id.* at 595 (cits. omitted). Whether the alleged conduct meets this exacting standard is a question for the court to decide as a matter of law. *Vance v. S. Bell Tel. & Tel. Co.*, 983 F.2d 1573, 1575 n.7 (11th Cir. 1993).

Here, Plaintiff has not alleged the necessary elements to state a claim for intentional infliction of emotional distress. The only conduct at issue in this case – Liberty's act of filing a judicial foreclosure action – does not amount to the extreme and outrageous conduct necessary to recover for intentional distress. (Dkt. 1-1, pp. 27-29, ¶¶ 123-128.) Florida courts have consistently refused to find that mere allegations of a judicial foreclosure action are sufficiently severe to give rise to a cause of action for infliction of emotional distress. *See, e.g., Robb*, 2011 WL 2149941, at *3 (dismissing plaintiff's claim for intentional infliction of emotional distress relating to filing of judicial foreclosure action). Even if, as Plaintiff alleges, the basis of the Foreclosure Action "was untrue, was egregious, reckless" (which is denied), the "[i]nstitution of

13

legal proceedings, whether with or without merit, is insufficient to state a cause of action for intentional infliction of emotional distress." (Dkt. 1-1, p. 27, ¶ 123.)  *Warter v. Boston Sec., S.A.*, No. 03-81026-CIV/RYSKAMP, 2004 WL 691787, at *12 (S.D. Fla. Mar. 22, 2004).

Taken as a whole, the Complaint is void of any actions attributed to Liberty that rise to the level of "extreme and outrageous" conduct required.  *See Robb,* 2011 WL 2149941, at *3 (dismissing intentional infliction of emotional distress claim because filing a judicial lawsuit does "not amount to outrageous and extreme conduct that goes beyond the bounds of decency" and any "emotional reaction that Plaintiffs experienced is irrelevant to the Court's analysis, as subjective reactions are not controlling in a claim for infliction of emotional distress"). Typically, such "outrageous" conduct requires offensive physical contact. *Williams v. Worldwide Flight Servs., Inc.*, 877 So.2d 869, 870 (Fla. 3d DCA 2004). General allegations of threatening phone calls, misreported debts, and wrongful collection activities are usually insufficient to constitute "outrageous conduct" to maintain such a claim. *McGinity v. Tracfone Wireless, Inc.*, 5 F. Supp. 3d 1337, 1341-42 (M.D.Fla. 2014); *Echeverria v. BAC Home Loans Serv., LP*, 900 F. Supp. 2d 1299, 1304 (M.D. Fla. 2012). Plaintiff's allegations in this matter do not approach the necessary degree of outrageousness to establish a claim of intentional infliction of emotional distress.  Accordingly, this claim should be dismissed as a matter of law.

> **D.    Plaintiff fails to state a claim for malicious prosecution.**

In Count V, Plaintiff alleges Liberty caused the Foreclosure Action without "probable cause," and that Liberty filed a Voluntary Dismissal, threatened sanctions, and did not present evidence at a hearing on attorney's fees. (Dkt. 1-1, pp. 30-32, ¶¶ 136-145.)  In addition to being barred by litigation privilege, this claim is subject to dismissal because Plaintiff's conclusory and contradictory allegations.

To state a claim for malicious prosecution, Plaintiff must allege:

14

> (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding.

*Weiland v. Palm Beach Cnty. Sheriff's Office,* No. 12-81416-CIV, 2013 WL 12177021, at *8 (S.D. Fla. May 16, 2013).

### (1) *Liberty was not malicious or intentional.*

Plaintiff alleges that there "was an absence of probable cause of the original proceeding," and that Liberty "maliciously and intentionally ignored information" regarding Plaintiff's occupancy in the residence, which occupancy served the basis for the Foreclosure Action. (Dkt. 1-1, p. 31, ¶¶ 140-141.) These allegations are conclusory and do not explain how Liberty's conduct was malicious, especially in light of Plaintiff's own allegations elsewhere that Liberty also filed a Voluntary Dismissal. *See Eiras v. State of Fla.*, Case No. 3:16-CV-231-J-34PDB, 2017 WL 897305, at *8 (M.D. Fla. Mar. 7, 2017) (dismissing malicious prosecution claim because plaintiff "merely alleges in a conclusory fashion that Baker arrested him 'without probable cause' and 'in the absence of lawful authority' ").

Even if the conclusory statements are considered, they are contradicted by Plaintiff's other allegations and exhibits, including the judicial record in the Foreclosure Action itself. A review of the Verified Complaint shows that Liberty believed Plaintiff did not occupy the Subject Property as required by the terms of her Mortgage because Plaintiff failed to certify her occupancy. (Dkt. 1-1, p. 93.) Plaintiff's own allegations even admit she believed "this was a simple error on Defendants' part." (Dkt. 1-1, p. 5, ¶ 18.) Moreover, Liberty dismissed the Foreclosure Action once the mandatory certification was received. (Dkt. 1-2, pp. 86-87.) Thus,

15

Plaintiff's claim that Liberty's prosecution of the Foreclosure Action was "intentional" and "malicious" is simply implausible and should be dismissed. (Dkt. 1-1, pp. 31-32, ¶¶ 141-145.) *Twombly*, 550 U.S. at 555 (A pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."); *Griffin Indus. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007) (" 'Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control.' ") (cits. omitted).

### (2) *Plaintiff cannot recover for emotional distress and attorney's fees.*

Finally, Plaintiff seeks to recover damages based on "emotional distress" and "attorney's fees and costs to defend herself" in the Foreclosure Action. (Dkt. 1-1, pp. 31-32, ¶ 145.) But Plaintiff's own exhibits show that she was already awarded attorney's fees in the Foreclosure Action. *Irvin*, 496 F.3d at 1205-06. (Dkt. 1-1, p. 95.) Additionally, damages based on emotional distress are not recoverable when based on a legal proceeding, such as the Foreclosure Action. *See Robb,* 2011 WL 2149941, at *3; *Warter,* 2004 WL 691787, at *12. As Plaintiff fails to plausibly allege any malicious or intentional conduct by Liberty and she cannot recover emotional damages and attorney's fees here, her malicious prosecution claim must fail.

### E. **Plaintiff fails to state an FCCPA claim.**

The FCCPA is the "Florida state analogue to the federal FDCPA." *Oppenheim v. I.C. Sys., Inc.,* 627 F.3d 833, 836 (11th Cir. 2010). Like the FDCPA, the FCCPA prohibits a debt collector from "[c]laim[ing], attempt[ing], or threaten[ing] to enforce a debt when such person knows that the debt is not legitimate, or assert[ing] the existence of some other legal right when such person knows that the right does not exist." FLA. STAT. § 559.72(9). The FCCPA is construed in accordance with the FDCPA. *Oppenheim,* 627 F.3d at 839.

Notably, Plaintiff has not identified any particular provision of the FCCPA that is alleged to have been violated by Liberty. Rather, she makes only the conclusory allegation that Liberty

violated the FCCPA "by intentionally pursuing foreclosure…despite being advised that the alleged Default was baseless and erroneous." (Compl. ¶ 151.) But the alleged "Default" did not involve the collection of any debt. Nor has Plaintiff identified any specific debt collection activities or actions by Liberty. To sustain a cause of action for a violation of this statute, Plaintiff must allege the purpose of the offending communication as well as the frequency. *Story v. J.M. Fields, Inc.*, 343 So.2d 675, 677 (Fla. 1st DCA 1977). Plaintiff's Complaint does neither. The only conduct identified is the pursuit of the Foreclosure Action and the representations made during the course of those proceedings. However, the mere filing of an action to foreclose upon a mortgage is generally not considered "debt collection" activity for purposes of the FCCPA. Consequently, to the extent Plaintiff's FCCPA claim is based purely upon foreclosure activities or statements made to the Circuit Court in the pursuit of that action, her allegations fall short. *Trent v. Mortg. Elec. Reg. Sys., Inc.,* 618 F.Supp.2d 1356, 1360 (M.D. Fla. 2007) *aff'd at* 258 F. App'x 571 (11th Cir. 2008)*. See also Foxx v. Ocwen Loan Serv., LLC*, 2012 WL 2048252, at *5-7 (M.D. Fla. 2012) (dismissing conclusory FCCPA claim); *Reese v. JPMorgan Chase & Co.,* 686 F. Supp. 2d 1291, 1310 (S.D. Fla. 2009) (dismissing FCCPA claims because the complaint "only contains conclusory allegations, and is not supported by the facts necessary to establish [plaintiff's] case"). *See also Lima v. Bank of Am., N.A.,* No. 17-60288-CIV, 2017 WL 1422971, at *3 (S.D. Fla. Apr. 17, 2017) (dismissing FCCPA claim because plaintiff failed to plead sufficient facts to establish defendants had "actual knowledge" that the right did not exist and any claim based on filing a "state court collection action" is barred by the litigation privilege in any event).

## **CONCLUSION**

For the reasons set forth herein, Liberty respectfully requests that the Court grant this Motion and dismiss Plaintiff's entire action with prejudice as to it, and grant Liberty all relief, in law or in equity, to which it may be justly entitled.

Dated: July 12, 2017.

Respectfully submitted,

*/s/Elizabeth J. Campbell*
Elizabeth Campbell
Florida Bar No. 0027916
**LOCKE LORD LLP**
525 Okeechobee Blvd., Suite 1600
West Palm Beach, FL 33401
Tel: 404.870.4679
Fax: 404.806.5679
*ECampbell@lockelord.com*

*Attorneys for Defendant Liberty Home Equity Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2017, I electronically filed the foregoing **DEFENDANT LIBERTY HOME EQUITY SOLUTIONS, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND SUPPORTING MEMORANDUM OF LAW** by using the CM/ECF system, which will serve a copy of the foregoing via transmission of a Notice of Electronic Filing generated by CM/ECF, to:

Ricardo Corona, Esq.
**CORONA LAW FIRM, P.A.**
3899 NW 7th Street, Second Floor
Miami, FL 33126
Tel: (305) 547-1234
Fax: (305) 266-1151
Email: *Ricky@coronapa.com*

*Attorneys for Plaintiff Felicita El Hassan*

Dennis A. Donet, Esq.
**LAW OFFICE OF DENNIS A. DONET, P.A.**
One Datran Center
9100 S. Dadeland Boulevard, Suite 906
Miami, FL 33156
Tel: (305) 670-0074
Fax: (305) 670-0061
Email: *dennis.donet@donetlaw.com*
     *info@donetlaw.com*

*Attorneys for Plaintiff Felicita El Hassan*

Allyson Morgado, Esq.
**CORONA LAW FIRM, P.A.**
3899 NW 7th Street, Second Floor
Miami, FL 33126
Tel: (305) 266-1150
Fax: (305) 266-1151
Email: *amorgado@coronapa.com*
     *labor@coronapa.com*

*Attorneys for Plaintiff Felicita El Hassan*

David Rosenberg, Esq.
Jarrett Cooper, Esq.
**ROBERTSON, ANSCHUTZ & SCHNEID, P.L.**
6409 Congress Ave., Ste. 100
Boca Raton, FL 33487
Tel: (561) 241-6901
Fax: (561) 997-6909
Email: *drosenberg@rasflaw.com*
     *jcooper@rasflaw.com*
     *mail@rasflaw.com*

*Attorneys for Defendant Robertson, Anschutz & Schneid, P.L.*

　　　*/s/ Elizabeth J. Campbell*
　　　Elizabeth J. Campbell
　　　Florida Bar No. 0027916

　　　*One of the Attorneys for Liberty Home Equity Solutions, Inc.*