UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
**Case Number:  17-22435-CIV-MARTINEZ-OTAZO-REYES**

FELICITA EL HASSAN,
      Plaintiff,

vs.

LIBERTY HOME EQUITY SOLUTIONS,
INC. and ROBERTSON, ANSCHUTZ &
SCHNEID, P.L.,
      Defendants.

_____/

## ORDER ON DEFENDANT ROBERTSON, ANSCHUTZ & SCHNEID, P.L.'S MOTION TO DISMISS COMPLAINT

THIS MATTER is before the Court on Defendant Robertson, Anschutz & Schneid, P.L.'s ("RAS") Motion to Dismiss Complaint ("Motion") [ECF No. 1-2 at 123].  The Court has reviewed RAS' Motion, Plaintiff's response in opposition [ECF No. 21] and is otherwise fully advised in the premises.

### I.      Background

This action stems from foreclosure proceedings instituted against Felicita El Hassan by Defendants in state court.  Plaintiff's allegations in the instant action are summarized as follows: On or about April 5, 2016, a foreclosure action was filed by Co-Defendant Liberty Home Equity Solutions, Inc. ("Liberty"), by and through RAS, against Felicita El Hassan ("El Hassan or Plaintiff")[1] in the Eleventh Judicial Circuit for Miami-Dade County, Florida: *Liberty Home Equity Solutions, Inc. v. Felicita El Hassan, et al.,* Case No. 2016-CA-8579-CA-01 ("Foreclosure Proceedings").  ECF No. 1-2 at 6 ¶15.  The foreclosure proceedings were based on the erroneous belief that El Hassan had ceased occupying the subject property.  *Id.* at ¶16.

---

[1]      When referring to the foreclosure proceedings, this Court will use "El Hassan."  When referring to the instant action, this Court will use "Plaintiff."

On April 27, 2016, El Hassan advised RAS of their apparent error in their belief that she had ceased occupying the subject property. *Id.* at 7 ¶21.   On May 11, 2016, despite El Hassan's notice to RAS that she had continuously occupied the subject property, RAS filed a motion in the foreclosure proceedings, requesting the court issue an order to show cause why a final judgment of foreclosure should not be entered against El Hassan.  *Id.* at 8 ¶28.   On May 17, 2016, El Hassan, through counsel, filed a motion to dismiss the foreclosure complaint on the grounds that RAS' allegation that she had ceased occupying the subject property was false.  *Id.* at 9 ¶36.  On August 25, 2016, Liberty, through RAS, filed a notice of voluntary dismissal of the foreclosure complaint. *Id.* at 9-10 ¶37.  Following the voluntary dismissal, El Hassan filed a motion for attorney's fees and costs.  *Id.* at 10 ¶39.  Liberty, through RAS, "vehemently opposed" El Hassan's request by threatening her with sanctions if she continued to pursue her claim for reimbursement.  *Id.* at ¶39.  On January 17, 2017, the court presiding over the foreclosure proceedings granted El Hassan's motion for attorney's fees and costs, and reserved ruling on the amount to be awarded until an evidentiary hearing could be held.  *Id.* at 11 ¶ 42, Ex. F.

While the amount of fees to be awarded remained unresolved, Plaintiff filed the subject Complaint in this Court, bringing the following claims against RAS: (a) Count I – violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA"); (b) Count V – intentional infliction of emotional distress; (c) Count VI – malicious prosecution; and (d) Count VIII – violation of Florida's Consumer Collection Practices Act, Fla. Stat. 559.72, *et seq.* ("FCCPA").

## II.      Analysis

### A. Legal Standard

Federal Rule of Civil Procedure 8(a) provides that a plaintiff's pleading "must contain ...

a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has instructed that a plaintiff must submit "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Generally, in deciding a motion to dismiss for failure to state a claim, the court limits its inquiry to facts stated in the complaint. *See* Fed. R. Civ. P. 12(d). But if a document is central to the claim and is attached or incorporated by reference into the complaint, it is not considered "outside the pleading" and can be considered by the court. *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010).

## B. Florida's Litigation Privilege

In its Motion, RAS begins by arguing that Plaintiff's claims for intentional infliction of emotional distress and violations of the FCCPA are barred by Florida's Litigation Privilege, as those two claims arise out of conduct or actions that occurred in the state foreclosure proceedings. The Florida litigation privilege provides absolute immunity to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior, so long as the act has some relation to the proceeding. *Del Moinico v. Traynor,* 116 So.3d 1205, 1211 (Fla. 2013); *see also Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.,* 639 So.2d 606, 608 (Fla. 1994).

"[This] litigation privilege applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin." *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole,* 950 So.2d 380, 384 (Fla. 2007).

<u>Count V – Intentional Infliction of Emotional Distress</u>

Plaintiff raises two arguments as to why Count V should survive Florida's litigation privilege: (a) the litigation privilege is an affirmative defense that should not be considered at the motion to dismiss stage; and (b) some of the complained of conduct occurred after the filing of the notice of voluntary dismissal.

Although the litigation privilege may be considered an affirmative defense, it is well-settled that it can also be considered on dismissal if the action "occurred during the course of a judicial proceeding *and* had a substantial relation to that proceeding." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1276 (11th Cir. 2004). A review of Plaintiff's allegations in Count V confirms that the complained of conduct occurred during the course of a judicial proceeding *and* had a substantial relation to that proceeding. Indeed, pursuing the foreclosure of the subject property and seeking fees for its pursuit despite knowing that Plaintiff continuously resided at the subject property forms the basis for Plaintiff's intentional infliction of emotional distress claim against RAS. *See* ECF No. 1-2 at 30 ¶130 (alleging that "RAS intentional actions…*in pursuing foreclosure of her home, despite being advised directly by MRS. EL HASSAN, that the basis of default, her alleges [sic] non-residence, was untrue, was egregious, reckless.*") (emphasis added); *Id.* at ¶132 ("Indeed, RAS' intentional actions were outrageous, go beyond all bounds of decency, and are regarded as odious and utterly intolerable in a civilized community, especially in threatening sanctions against an 87-year-old widow *who has advised RAS prior to its actions, that she was, and had in fact, always lived in her home.*") (emphasis

- 4 -

added); *Id.* at 31 ¶133 (alleging that RAS' intentional actions caused severe emotional distress upon Plaintiff "*who not only endured the erroneous foreclosure lawsuit filing against her, but even in the face of vindication, faces the threat of sanctions against her.*")[2] (emphasis added); *Id.* at ¶135 (alleging that Plaintiff has incurred actual damages, "*including significant emotional distress, anxiety, stress, embarrassment and humiliation directly resulting from her home being threatened with immediate foreclosure and public sale, despite having advised Defendant, RAS, that its claim was baseless.*") (emphasis added).

Plaintiff next argues that Florida's litigation privilege is not a bar because some of RAS' actionable conduct occurred after the filing of the notice of voluntary dismissal (which Plaintiff believes terminated the case with respect to Florida's litigation privilege), but while the determination of the amount of the award in favor of El Hassan was still pending. Plaintiff's argument is not compelling.  The fact remains that the conduct that occurred after the filing of the notice of voluntary dismissal (RAS' alleged threats of sanctions against El Hassan for seeking reimbursement for attorney's fees in the foreclosure proceedings) arose out of conduct or actions that occurred in the foreclosure proceedings, especially when the complained of conduct related to the reimbursement of attorney's fees and occurred while the determination of the amount was still pending.

The Court finds that the conduct that allegedly gives rise to Count V arises out of conduct or actions that occurred in the foreclosure proceedings and had a substantial relation to the foreclosure proceedings.  The Court further finds that Plaintiff's Complaint affirmatively and clearly establishes that the challenged conduct with respect to Count V is related to the prior

---

[2]       The Court notes that at the time of filing the instant action, the court presiding over the foreclosure proceedings had already granted El Hassan's motion for attorney's fees and costs, while reserving ruling on the amount of fees and costs to be awarded to El Hassan until an evidentiary hearing could be held. *See* ECF No 1-2 at 92-96, Ex. F.

foreclosure proceedings, and therefore, the litigation privilege bars Count V.  As such, Count V is DISMISSED WITH PREJUDICE.  *See Jackson*, 372 F.3d at 1277 ("Florida courts have also made it abundantly clear that any affirmative defense, including the litigation privilege, may be considered in resolving a motion to dismiss when the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action.").

Count VIII – Violation of FCCPA

Similarly, Plaintiff's FCCPA claim is barred by the litigation privilege.[3]  Again, a review of the allegations contained in Count VIII reveals that the basis for the FCCPA count is the filing of the foreclosure proceedings despite knowing that Plaintiff continuously resided in the subject property.  *See* ECF No. 1-2 at 35 ¶159 (alleging that RAS violated the FCCPA by "*intentionally pursuing foreclosure of MRS. EL HASSAN's home, despite being advised that the alleged Default was baseless and erroneous.*"); *Id.* at 36 ¶161 (alleging that RAS' *conduct in pursuing foreclosure after being made aware that there was no default was a violation of the FCCPA*); *Id.* at ¶162 (alleging that RAS' deliberate misrepresentation *in its notice of voluntary dismissal in the foreclosure proceedings was undertaken to deprive her of her ability to collect fees and costs in the foreclosure proceeding violates the FCCPA*); *Id.* ¶163 (alleging that RAS' *threats of sanctions after El Hassan sought attorney fees and costs in foreclosure proceedings was undertaken to deprive her of her ability to collect fees and costs in the foreclosure proceeding violates the FCCPA*).  Plaintiff has not pled any conduct in the present suit outside of conduct that occurred in the foreclosure proceedings.  *See Perez v. Bureaus Inv. Group No. 11, LLC*, No. 09-CV-20784, 2009 WL 1973476, at *3 (S.D. Fla. July 8, 2009) (holding Florida's litigation privilege barred plaintiff's FCCPA claim as "the filing of the collection lawsuit clearly relates to

---

[3]    Plaintiff raises the same two arguments that it did with respect to Count V.  The Court has already disposed of these arguments, *supra*.

a judicial proceeding, and is the sole basis of plaintiff's FCCPA claim in the present suit."). Accordingly, the Court finds that the conduct that allegedly gives rise to Count VIII arises out of conduct or actions that occurred in the foreclosure proceedings and had a substantial relation to the foreclosure proceedings. The Court further finds that Plaintiff's Complaint affirmatively and clearly establishes that the challenged conduct with respect to Count VIII is related to the foreclosure proceedings, and therefore, Florida's litigation privilege bars Count VIII. As such, Count VIII is DISMISSED WITH PREJUDICE. *See Jackson*, 372 F.3d at 1277.[4]

## C. Remaining Counts

Count VI – Malicious Prosecution

To state a claim for malicious prosecution, Plaintiff must allege:

> (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding.

*Weiland v. Palm Beach Cnty. Sheriff's Office,* No. 12-81416-CIV, 2013, WL 12177021, at *8 (S.D. Fla. May 16, 2013). Where the malicious prosecution claim is brought against an attorney, as is the case here, the standard under element (4) - lack of probable cause – appears to be higher than the standard in other malicious prosecution actions. In an action against an attorney, the standard under element (4) is whether, following a reasonable investigation of the facts, it is the attorney's reasonable and honest belief that his/her client has a tenable claim. *Rivernider v. Meyer,* 174 So.3d 602, 605 (Fla. 4th DCA 2015).

First, Plaintiff improperly incorporates and re-alleges allegations from the prior count

---

[4] Moreover, as explained *infra*, RAS was not collecting a debt.

against Liberty.  *See Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) ("The most common type – by a long shot – is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before…"); ECF No. 1-2 at ¶146 ("Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 44 and *138-144 against the Defendant, RAS*.") (emphasis added).  Moreover, Plaintiff fails to state a claim for malicious prosecution.  For a malicious prosecution claim to succeed against an attorney under Florida law, the prosecution must  have been initiated without malice and Plaintiff must meet the heightened standard of lack of probable cause.  Plaintiff has failed to allege, and without sufficient facts, that RAS initiated the foreclosure proceedings with the reasonable and honest belief that its clients' claim was not tenable  or  with  malice.    As  such,  Count  VI  against  RAS  is  DISMISSED  WITHOUT PREJUDICE for failure to state a claim for relief.  *See Ashcroft*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Eiras v. State of Fla.,* Case No. 16-CV-231-J-34PDB, 2017 WL 897305, at *8 (M.D. Fla. Mar. 7, 2017) (dismissing malicious prosecution claim because plaintiff "merely alleges in a conclusory fashion that Baker arrested him 'without probable cause' and 'in the absence of lawful authority'").

<u>Count I - FDCPA</u>

RAS argues that Plaintiff's FDCPA claim fails because RAS is not a "debt collector" within the meaning of the FDCPA and foreclosure is not a "debt collection activity" under the FDCPA.  The Court notes that Plaintiff fails to respond to RAS' argument that a foreclosure is not a "debt collection activity." A plaintiff, who, in her responsive brief, fails to address her

obligation to object to a point raised by the defendant implicitly concedes that point. *See Anderson v. Branch Banking & Trust Co.,* 119 F. Supp. 3d 1328, 1345 (S.D. Fla. 2015) (citing *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir. 1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The Court] will not do his research for him."))). As such, Plaintiff's FDCPA count can be dismissed on this basis.

Moreover, addressing RAS' argument on the merits, this Court finds the argument persuasive as Plaintiff's Complaint does not allege a debt collection activity protected by the FDCPA. "Nearly every court that has addressed the question has held that foreclosing on a mortgage is not debt collection activity…" *Beadle v. Haughey,* No. Civ. 04-272-SM, 2005 WL 300060, at *3 (D.N.H. Feb. 9, 2005), (*cited in Warren v. Countrywide Home Loans, Inc.,* 342 F. App'x 458, 461 (11th Cir. 2009) (per curiam)). That is because "[t]he FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing…is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property." *Hulse v. Ocwen Fed. Bank, FSB,* 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); *see also Beeport v. J.P. Morgan Chase Nat'l Corp. Servs., Inc.,* 57 F. Supp. 3d 1358, 1375-76 (M.D. Fla. 2014). This reasoning leads to a narrow exception to the rule when the foreclosure also seeks payment of the underlying promissory note. *See Roban v. Marinosci Law Grp.,* 34 F.Supp.3d 1252, 154-55 (S.D. Fla. 2014) (Scola, J.); *see also Battle v. Gladstone Law Grp., P.A.,* 951 F.Supp.2d 1310, 1313 (S.D. Fla. 2013) (Martinez, J) (filing a complaint seeking mortgage foreclosure and payment on a promissory note is debt collection under the FDCPA). However, the plain language of the Home

Equity Conversion Note and Mortgage attached to the foreclosure complaint (which was attached to the operative complaint) makes clear that the foreclosure did not seek payment of the underlying Note. *See* [ECF No. 1-2 at 48 ¶4(c) ("Limitation of Liability.  Borrower shall have no personal liability for payment of the debt.  Lender shall enforce the debt only through sale of the Property Covered by the Security Instrument...") (Note); and ECF No. 1-2 at 56 ¶10 (No Deficiency Judgments.  Borrower shall have no personal liability for payment of the debt secured by this Security Instrument.  Lender may enforce the debt only through sale of the Property.  Lender shall not be permitted to obtain a deficiency judgment against Borrower if the Security Instrument is foreclosed..." (Mortgage))].[5]  As such, Count I is DISMISSED WITH PREJUDICE.

For the foregoing reasons, after careful consideration it is hereby:

**ORDERED and ADJUDGED** that

1.      Defendant Robertson, Anschutz & Schneid, P.L.'s Motion to Dismiss Complaint [ECF No. 1-2 at 123] is **GRANTED, as set forth herein**.

2.      Counts I, V (against RAS), VIII are **DISMISSED WITH PREJUDICE**.

3.      Count VI is **DISMISSED WITHOUT PREJUDICE**.

4.      If Plaintiff cures the pleading deficiencies with respect to the malicious prosecution claims brought against each Defendant[6], the only remaining claims in this action are the malicious prosecution claims.  Because Plaintiff has no surviving federal claims and has established no other basis for federal jurisdiction, the Court hereby declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the remaining malicious prosecution

---

[5]      The Home Equity Conversion Note was attached to the Foreclosure Complaint which, in turn, was attached to the Operative Complaint.  In order to confirm its reading of the Home Equity Conversion Note, the Court accessed the foreclosure complaint via https://www2.miami-dadeclerk.com/ocs/.

[6]      *See* [ECF No. 30 (Order on Liberty's Motion to Dismiss, dismissing Plaintiff's malicious prosecution claim against Co-Defendant Liberty without prejudice.)].

claims as to both Defendants. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726

(1996). Accordingly, this action is hereby **REMANDED** to the Circuit Court of the Eleventh

Judicial Circuit in and for Miami-Dade County for final disposition.

     5.    This action is **CLOSED** and all pending motions are **DENIED AS MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this 25 day of June, 2018.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record